JAMES T. CONLEY SBN 224174
james.conley@ogletree.com
OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714.800.7900
Facsimile: 714.754.1298

ROBERT C. RODRIGUEZ SBN 305101
robert.rodriguez@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Esquire Plaza
1215 K Street 17th Floor
Sacramento, CA 95814
Telephone: 916.840.3150
Facsimile: 916.840.3159

Attorneys for Defendant
WALMART, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES DAVIS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART INC. a Delaware corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-03483-MWF-SSx<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]<br><br>Complaint Filed: April 18, 2018<br>Judge: Michael W. Fitzgerald<br>Magistrate Judge: Suzanne H. Segal |

**IT IS HEREBY STIPULATED** by and between Plaintiff MERCEDES DAVIS ("Plaintiff") and Defendant WALMART, INC., ("Defendant" and collectively "the Parties"), through their respective attorneys of record, that a Protective Order be entered by this Court as follows:

1. **Purposes and Limitations:** Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than

prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 27, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Central District of California Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **Good Cause Statement:** This action is likely to involve third party personal and confidential information, business, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential proprietary business or financial information, information regarding confidential business practices, commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be

1  designated as confidential for tactical reasons and that nothing be so designated
2  without a good faith belief that it has been maintained in a confidential, non-public
3  manner, and there is good cause why it should not be part of the public record of this
4  case.

5      3.    **Definitions:** In this Stipulation and Protective Order, the words set forth
6  below shall have the following meanings:

7      a). "Proceeding" means the above-entitled proceeding (Case No.
8  2:18-CV-3483 MWF (SSx)).

9      b). "Party" means any party to this Proceeding, including all of its
10 officers, directors, employees, consultants, and retained experts.

11     c). "Court" means the Hon. Michael W. Fitzgerald, or Hon. Suzanne
12 H. Segal and any other judge to which this Proceeding may be assigned, including
13 Court staff participating in such proceedings.

14     d). "Confidential" means any information which is in the possession
15 of a Designating Party who believes in good faith that such information is entitled to
16 confidential treatment under applicable law.

17     e). "Confidential Materials" or "Confidential Information" means
18 any Documents, Testimony or Information as defined below designated as
19 "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

20     f). "Designating Party" means the Party that designates Materials as
21 "Confidential."

22     g). "Disclose" or "Disclosed" or "Disclosure" means to reveal,
23 divulge, give, or make available Materials, or any part thereof, or any information
24 contained therein.

25     h). "Documents" mean (i) any document, electronically stored
26 information, or tangible thing as provided for in Federal Rule of Civil Procedure
27 Rule 34(a); and (ii) any copies, reproductions, or summaries of all or any part of the
28 foregoing.

i). "Information" means the content of Documents or Testimony.

j). "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

4. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

5. This Stipulation and Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information may include the following (subject to a party's challenge to the confidentiality designation):

a). Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the Parties; compensation of Walmart's current or former personnel; policies, procedures, and/or training materials of Walmart; and/or Walmart's organizational structure, and documents related to third parties;

b). Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor, specifically excluding documents from Plaintiff's personnel, medical, and/or workers' compensation files;

c). Any documents relating to the medical and/or health information of any of Walmart's current or former employees or contractors, specifically excluding documents relating to the medical and/or health information of Plaintiff;

d). Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

6. Any Documents, Testimony or Information to be designated as Confidential must be clearly so designated before the Document, Testimony or

////

Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a). For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. The Designating Parties will use their best efforts to limit the number of documents designated Confidential.

    b). For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential." In circumstances where portions of the deposition Testimony are designated for protection during or before the close of the deposition proceeding, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party; or

        ii. provisionally designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the obligation to identify in writing more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. From the time of the deposition to the time those specific portions of the Testimony are identified, the entire deposition shall be Confidential.

    c). For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the

container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

7. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

8. Qualified recipients shall include only the following:

a). the Court;

b). (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c). those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

////

   d). court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

   e). any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

   f). any person believed to have percipient knowledge relating to the issues in the case (including but not limited to a deposition or non-trial hearing witness in the Proceeding) who previously did not have access to the Confidential Materials; provided, however, that each such potential witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms; and that such potential witness shall sign the attached Exhibit A agreeing to be bound by this Stipulation and Protective Order;

   g). Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

   h). outside experts, litigation consultants, outside vendors, expert consultants or any other type of consultants retained or consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this

////

Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

      i). The parties to this litigation, their officers and professional employees.

9. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom "Confidential Information" is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential Materials during their deposition but shall not be permitted to keep copies of said Confidential Materials nor any portion of the deposition transcript reflecting the Confidential Information unless such individuals have signed a statement in the form attached hereto as Exhibit A.

10. If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential Information that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

11. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any persons making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

12. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of preparing for, conducting, participating in the

conduct of, and/or prosecuting and/or defending the Proceeding, and not for any other purpose.

13. The Protective Order shall likewise govern all materials deemed "Attorneys' Eyes Only", which materials shall include any documents containing corporate trade secrets, nonpublic research and development data, pricing formulas, prospective inventory management programs, confidential business information not generally known to the general public, and customer-related information.

Qualified recipients of documents marked "ATTORNEYS' EYES ONLY" shall include only the following: In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each.

14. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

15. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

16. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party

with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

17. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within thirty (30) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

///

18. If, during the course of this litigation, a Party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"), the receiving party shall:

    a). refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;

    b). immediately notify the Producing Party in writing that it has discovered Document(s) believed to be privileged or protected;

    c). specifically identify the Protected Document(s) by Bates number range or hash value; and

    d). within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts, or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Document(s) cannot be destroyed, sequestered, extracted or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

Notwithstanding the foregoing, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product protected Documents.

19. This disclosure or production of any documents subject to a legally recognized claim of privilege (including, without limitation, the attorney-client privilege, work-product doctrine, or other applicable privilege) shall be protected and excluded from argument from any party that:

    a). the disclosure was not inadvertent by the Producing Party;

////

  b). the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

  c). the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

  d). such disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

20. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Stipulation and Protective Order.

21. After judgment has become final, including final disposition of any appeals, all Confidential Information which has been produced by Plaintiff and Defendants in this action, together with any copies which may have been made, shall be placed in the official legal file maintained by Plaintiff's and Defendants' respective counsel of record and shall remain there until such time as they are destroyed in accordance with Plaintiff's and Defendants' counsel's firm policy.

22. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

23. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

  a). operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

  b). prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

   i. to seek a determination by the Court of whether any particular Confidential Materials should be subject to protection as

"Confidential" under the terms of this Stipulation and Protective Order; or

    ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order either generally or as to any particular Document, Material or Information.

24. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate. Nothing in this Protective Order shall be deemed to restrict in any way any party's own documents or information, or the party's attorneys with respect to that party's own documents or information.

25. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

26. The Protective Order is entered pursuant to the Federal Rules of Civil Procedure.

27. All Confidential Materials, or Information derived from Confidential Materials, filed with the Court shall be filed in accordance with the procedures set forth in Central District Local Civil Ruler 79-5.

28. This Order is not intended to govern the use of "Confidential Materials" at any trial of this litigation. Questions of the protection of "Confidential Materials" during trial will be presented to the Court prior to or during trial as each party deems appropriate. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

////

////

| | | |
|---|---|---|
| 1 | DATED: August __, 2018 | JAY S. ROTHERMAN |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | By: _____ |
| 6 | | Jay S. Rothman |
| 7 | | Attorneys for Plaintiff<br>Mercedes Davis |
| 8 | DATED: August 3, 2018 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 9 | | |
| 10 | | |
| 11 | | By: _____ |
| 12 | | James T. Conley |
| 13 | | Robert C. Rodriguez<br>Attorneys for Defendant<br>Walmart, Inc. |

## ORDER

GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED that the terms of the Protective Order as described in the Stipulation between Plaintiff MERCEDES DAVIS ("Plaintiff") and Defendants WALMART, INC., ("Defendant") in Paragraphs 1 through 28 above, shall be entered as the Order of the Court and be binding upon the parties and signatories to Exhibit "A."

IT IS SO ORDERED.

DATED: 2/7/18

_____
Honorable Suzanne H. Segal
US District Court Magistrate Judge

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, [NAME], [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, *Davis v. Wal-Mart Stores, Inc. et al.*, Case No. 2:18-CV-3483 MWF (SSx). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this _____ day of _____, 20____, at _____.

DATED:                   BY: _____
                                        Signature

                                        Title

                                        Address